FRED. H. STITH, Ex'r of N. L. STITH, v. ALBERTA B. JONES et al.

*Jurisdiction—Injunction—Receiver—Devise.*

1. Where the Judge assigned to hold the Courts of a District granted a restraining order, with a rule to show cause, returnable on a day after the close of the Circuit, and before the resident Judge of the District : *Held,* not to be erroneous, and that the resident Judge thereby acquired jurisdiction of the matter.

2. Where lands were devised to two persons, both of whom were appointed executors, charged with the payment of certain debts, and one of the executors, claiming a part of the land under a deed subsequent in date to the execution of the will, had entered thereon and was proceeding to operate it as mining property, and it appearing there was some danger of waste of the property, and the solvency of the vendee-executor was doubtful : *Held,* to be a proper case for the appointment of a receiver.

3. But the Court erred in directing the receiver to take possession and control of the mines, and machinery for operating the same, without giving the defendant an opportunity to file a bond to secure the payment over to the receiver, of any proceeds therefrom, as the Court might subsequently direct.

4. Where lands have been conveyed to one who is also a devisee in a will which makes another disposition thereof, and the vendee takes benefit under the will, he must submit to the provisions of the will in respect to the land.

This was a MOTION for the appointment of a receiver, made in a cause pending in DAVIDSON Superior Court, and heard before *Montgomery, J.,* at Chambers, in Concord, on December 22d, 1887.

N. L. Stith died in February, 1878, having, on June 6th, 1874, made his will, which has been duly proved, and therein appointed as executors his son, the plaintiff, Frederick H. Stith, his daughter, the defendant Alberta B. Jones, and two others, of whom one died in the life-time of the testator, and the other refused to qualify, thereby devolving upon those named the execution of its trusts. The will, among other things, contains this provision : " The debt due to Turner W. Battle (the refusing executor) for money borrowed, and for which he has my note, with A. B. Stith (the executrix) as security, for two hundred and fifty dollars ($250), with interest on it, I want paid as soon as practicable, and herewith make this debt a special charge on my estate. I herewith direct my executors, hereinafter named, to sell my Ward Gold Mine and land embraced in same tract; also my gold mine and tract of land, known as the Hargrave land, as soon as practicable, and after paying T. W. Battle his debt, to pay a note to the Bank of Mecklenburg," and other enumerated debts; and then he proceeds to say, after paying said debts, "the money arising from the sale of the Ward and Hargrave tracts of land I give to my son, Frederick H. Stith, and my daughter Alberta Bassett Stith, share and share alike." Subsequent to the making of the will, on the 14th day of January, 1876, the testator executed a deed for the recited consideration of $800, to the said Alberta B., wherein he conveys to her in fee, by defining boundaries, the Ward tract of 350 acres, with full covenants of warranty and seizin, which deed has been proved and registered since the testator's death, but the delivery by him is denied by the plaintiff.

On May 15th, 1886, the contestant parties entered into an agreement to work the Ward mine on joint account, the terms of which are set out in detail in the contract.

On December 4th of the same year the contract was superseded by another, entered into by and between the defendant Alberta and John W. Tonkin for the working of the same mine, by what is called "a hydraulic process," with conditions and provisions not necessary to be specified.

The complaint alleges that the said Alberta, on May 10th, 1886, pretending to be sole owner of the Ward tract, made a deed therefor and attempted to convey the same to the defendants Wilson Kinley and wife, Mary A., they being aware of the want of title in their grantor.

It further charges that said Alberta has now possession of said land, valuable chiefly for its deposits of gold; is working the mine through irresponsible and insolvent tenants; using the proceeds for her own benefit; rendering no accounts of the operations going on; wasting and despoiling the property, denying all right and interest of the plaintiff therein—while she is insolvent and unable to make good to the plaintiff his share of the toll, and compensate for the deterioration in the value of the mine resulting from the manner of working it. The prayer is for an account, for an order cancelling and annulling the alleged deed of the testator, for the appointment of a receiver, and that the trusts of the will be executed.

The answer is full and responsive to these allegations, of which it is only necessary to say, that an interlocutory order for the appointment of a receiver to take charge of the property, and hold the same pending the litigation, was asked of *Clark, J.,* holding the December Term, 1887, of Davidson Superior Court, who allowed the motion of plaintiff's counsel, that the defendants show cause why such appointment should not be made, before *Montgomery, J.,* of the Eigth Judicial District, at Concord, on December 20th.

The parties consenting to the postponement of the hearing until the 22d day of the same month, the Court directed " that Truman Coman be appointed receiver of the Ward tract of land mentioned in the pleadings, except that he is not to disturb the defendant Jones in her possession of the dwelling-house, and houses connected therewith, or in her possession of the farming land, but he will permit her to reside there, cultivate the farming land, and use only such timber as may be necessary for fire-wood, and to repair the fences ;" and vesting the said Coman " with all the rights and powers of a receiver according to law and the rules and practices of this Court, upon his filing an undertaking pursuant to statute for the faithful performance of his duties.

" It is further ordered, that said receiver continue to work said Ward gold mine, until the further order of this Court, and that he keep full and accurate account of all his acts and doings, as such receiver, and report the same from time to time to this Court, and that such receiver have leave to apply to the Court from time to time for such further order or directions as may be necessary.

"It is further ordered that defendant Jones deliver to the said receiver possession of the said Ward tract of land, together with the machinery and fixtures used in connection with the gold mine; and the defendant Jones will retain possession of the houses and farming lands as above mentioned in this order, except that her farming operations are not to interfere with or obstruct the working of the gold mine on said tract of land."

The defendant objected to any action upon the motion, for want of jurisdiction in the Judge to entertain it in a county not of the judicial district wherein the cause was depending, which objection was overruled, and the motion being heard upon the pleadings, affidavits, exhibits, and after argument of counsel, the order was made as stated, and the defendant appealed.

*Mr. John Devereux, Jr.*, for the plaintiff.

*Messrs. W. H. Bailey* and *Theo. F. Davidson*, for the defend-ant.

SMITH, C. J., (after stating the case.) 1. The question of jurisdiction. It was conceeded that the riding of the Eighth Judicial District terminated with the holding of the Superior Court of Davidson at December Term, and that the Judge therein presiding had left the District and returned home before the day appointed for the hearing, and that the ridings of the Twelfth District, the Courts in which had been held by Montgomery, J., terminated on December 20th, and he had returned to his residence at Concord in the Eighth District. The jurisdiction under the statute cannot be questioned.

*The Code*, § 336, provides that "all restraining orders and injunctions granted by any of the Judges of the Superior Court, except a Judge holding a special term in any county, shall be made returnable before the resident Judge of the district, or the Judge assigned to the district, or holding by exchange the Courts of the district where the civil action or special procedure is depending, within twenty days from date of order."

Section 379 declares that " a Judge of the Superior Court having authority to grant restraining orders and injunctions, as prescribed in title 9, subchapter 3 of this chapter, shall have the like jurisdiction *in appointing receivers*, and all *motions to show cause shall be returnable as is provided for injunctions.*"

As Davidson County is one of those which constitute the Eighth Judicial District, whereof the Judge who passed on the motion was resident, and the matter was provisional and interlocutory, only looking to the preservation of the property in dispute and its fruits—a jurisdiction often necessary to be

exercised out of term time—the defendant's exception upon this ground cannot be sustained.

2. The second point rests upon an examination of the proofs, which, upon nearly all the material issues of fact upon which the exercise of the judicial interference must depend, are in direct conflict. It is, however, inferable from the affidavits that there is danger of the loss of the tolls received from operating the mines, and, indeed, in ascertaining the amount thereof. Whether they should be applied to the payment of the testator's debts charged upon his real estate, and directed to be paid out of the proceeds of sale of the Ward and Hargrave land, it would seem to be a proper case, on the demand of an executor of a co-executrix, to interpose, so far as to secure the fund to meet the exigencies of the estate; for if the deed made to the daughter was effectually executed, and she became executrix and takes benefit under the will, she must submit to the disposition of the land conveyed to her, made afterwards in the will.

We do not mean to intimate, much less to decide, that such estoppel is in the way of her asserting title under the deed, but such a condition results from the controversy as makes it proper for the Court to provide against contingent losses. We think the order goes too far, in taking the gold mine operations from the defendant Alberta B. and placing them exclusively under a receiver, and that every legitimate beneficial object will be secured by leaving the operations to go on as heretofore, and requiring returns to be made to the appointee from time to time as paid over, and the execution of a bond properly secured by her to account for and pay over the proceeds as the Court may hereafter order; and, if she declines thus to secure the fund, to require him to take charge of those operations himself, and hold the funds subject to the control of the Court. *Deep River Co.* v. *Fox*, 4 Ired. Eq., 61; *Falls* v. *McAfee*, 2 Ired., 236; *Parker* v. *Parker*, 82 N. C., 165.

The proper limitations upon the powers conferred upon receivers are suggested in the recent cases of *Lumber Co.* v. *Wallace*, 93 N. C.. 22, and *Lewis* v. *Lumber Co.*, 99 N. C., 11.

With such modifications of the order appealed from, it is affirmed.

Modified and affirmed.