## DEVEREUX *v.* FLEMING.

*(Circuit Court, D. South Carolina.* August 3, 1891.)

PARTNERSHIP—RECEIVER—ACCOUNTING.

In an action between copartners for an accounting, in which a receiver had been appointed, a proposition by defendant to take the assets and give bond to secure creditors will be accepted, where it appears that a continuance of the business by the receiver would be unprofitable and expensive, that complainant had an interest in the profits only, and that such disposition of the assets would not harm and might benefit complainant.

In Equity. Bill by John H. Devereux, Jr., against Howard Fleming, copartners, for an injunction, a receiver, and an account.

*Edward McCrady, Jr.,* for complainant.

*J. N. Nathans,* for defendant.

SIMONTON, J. The bill is filed by one partner against the other for an injunction, a receiver, and an account. The copartnership was formed in August, 1887, without written articles. The business was the purchase and sale of lime, cement, and building materials of this character. The place of business was Charleston. The complainant was the resident partner, and made the sales, having an interest in the profits only. The defendant resided elsewhere, and made the purchases. The business went on until May of this year. Defendant having become dissatisfied, as he alleged, for want of profit in the business, and its management by complainant, published notice of dissolution of the firm and took possession of its main office. Thereupon complainant filed his bill. Without any positive resistance on the part of defendant, Mr. E. W. Hughes was appointed receiver, and he has discharged the office with energy and ability. In his report now on file he shows the condition of the business when he took charge, 22d May, 1891. The entire value of the assets, including the open accounts, $8,115.90; liabilities as on the books, $30,530.15. Of these open accounts he has collected $1,-080.65. The rest he thinks valueless. Beside the liabilities disclosed by the books is a claim against the firm for goods sold, $958.66, and a bill for storage of J. H. Devereux, the elder, $3,237, subject to a set-off of $1,119.63. During the two months (22d May–21st July) the sales by the receiver aggregated $3,859.10. His disbursements were $1,296. Of these, however, $415.04 were an extraordinary expense caused by the removal of the stock from the West Shore Terminal warehouse to another much less expensive. Thus far the sales have all been in due course of business. But the continuance of them will be at great disadvantage. It is not a going concern. The receiver cannot replenish his stock, and so aid the sale of materials, as, for example, lime aids the sale of cement. So in a short time the sales will decrease, leaving on hand the unsalable stock which must be put up at auction. Meanwhile the current expenses go on, and to them are added the extraordinary expenses of a receivership. It is manifest, therefore, that the sooner this business ends the better. The only parties before the court are the copartners. But as

v.47F.no.3—12

the existence of creditors creates an equity as between them, the court will take notice of and administer this equity. Indeed, the claims of creditors are first to be considered. These claims greatly exceed the value of the assets, under any conceivable circumstances. The defendant proposes to take the assets, and to enter into bond with surety for the payment of all outstanding copartnership creditors. The complainant has an interest in the profits only. The prospect of profit in this business is small. But, notwithstanding this, complainant has an unquestionable liability to the creditors. He may have an equity against defendant on the final account. So the proposition of the defendant is without doubt the best thing for creditors. It may be good for complainant, and certainly cannot harm him. It is accepted. The case came on to be heard on the pleadings, and on an affidavit of the defendant. Counsel having been heard thereon, and after due consideration thereof, it is ordered, adjudged, and decreed that the defendant do enter into bond, with surety to be approved by the court, in the penal sum of $30,000, with the condition thereunder written that he pay and satisfy in full all creditors holding proper claims against the late firm of Fleming & Devereux, the bond to be in the name of the clerk of this court as obligee; that thereupon he be clothed with the right of possession and control of all the assets of every kind of the said firm. It is further ordered that thereupon the receiver transfer to him all the stock of goods, wares, and merchandise of the said firm in his custody, possession, or control as receiver, and that he file his final account with the clerk of this court; that, after deducting from the cash in his hands such sum as may be a proper compensation to him as receiver, he pay the remainder of the said cash, and deliver the choses in action to the defendant. It is further ordered that the special master state the account as between complainant and defendant and their late firm, and report the same to this court.