𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

· VA., TENN. & CAR. STEEL & IRON CO. v. WILDER & ALS.

WILDER & ALS. v. KELLEY, JUDGE.

March 25th, 1892.

1. RECEIVER—*Appointment—Quære.*—Conceding for argument sake, than an
appellate judge has the right, as auxiliary to the power to grant an
injunction given him by Code, § 3438, to appoint a receiver (as to which,
*quære*), yet where the claims are unascertained and are small in comparison
with the property sought to be sequestrated, and no notice of the appli-
cation has been given the defendants, and an offer has been made to
secure those claims should they be established, by giving any bond that
may be required ;
HELD :
Error to appoint such receiver.
2. APPEAL—*Its effect—Case at bar.*—Where such receiver has been appointed,
and the circuit judge has declined to enforce the order, and this court
has issued a *mandamus* to compel its enforcement, and " contempt pro-
ceedings " have been instituted against said circuit judge ;
HELD :
An appeal from the order appointing such receiver stays all proceed-
ings under said order, and said *mandamus* and " contempt pro-
ceedings " should be dismissed.

Appeal from an order made August 16th, 1890, by a judge
of this court, under Code, § 3438, in the chancery suit pending
in the circuit court of Washington county, wherein Jonas
Wilder and others are complainants, and the appellants, the
Virginia, Tennessee and Carolina Steel and Iron Company and
others, are defendants, by which order, at the prayer of the

complainants, an injunction that had been refused by the judge of said circuit court was granted, and a receiver of the effects of said company was appointed, which cause was heard and considered together with the cause of *Wilder & als.* v. *Kelley, Judge, &c.*, wherein a *mandamus* was awarded July 16th, 1891, by this court, commanding said circuit judge to enforce the said order, and certain " contempt proceedings " were had arising out of the action of the said circuit judge in the said first-styled cause.    Opinion states the case.

*J. B. Richmond, Alex. Hamilton, W. J. Robertson, R. A. Ayers, John G. Haskell, J. P. Sheffey, White & Buchanan* and *Davis & McIlwaine,* for appellants.

*George H. Towle, Blair & Blair, Fulkerson, Page & Hurt, A. M. Dickenson, A. H. Blanchard, Brown & Moore, W. W. Gordon, John Goode* and *Daniel Trigg,* for appellees.

HINTON, J., delivered the opinion of the court.

As the proceedings by *mandamus* in the second of these causes arose out of the action of the honorable circuit judge in the first cause, it has been thought best to hear and consider them together.

The facts deemed necessary for a proper understanding of the points to be adjudged are as follows:

On the 6th day of June, 1890, Jonas Wilder and others presented to the Hon. D. W. Bolen, judge of the fifteenth judicial circuit, their bill of injunction, praying that the defendant corporations, their agents, officers, &c., be restrained from collecting any moneys due said companies, &c., and for the appointment of a receiver, &c.

On the same day an injunction was awarded by the said judge, and J. M. Bailey, one of the complainants, was appointed receiver, the order appointing the receiver pro-

viding that it should remain in force until the further order of the court or judge in vacation.

On the 8th of August, 1890, the defendants appeared, by counsel, before the Hon. John A. Kelley, in whose court in Washington county, the cause was pending, and filed their petition, supported by affidavit, setting out that they had been given no notice of the motion for the injunction and appointment of a receiver; that the material allegations of the bill were false; that the bonds required of the complainants were wholly inadequate to protect the defendants; that the person appointed receiver was a non-resident, without visible means or property; and that the defendants were able and willing to execute a good bond, in such penalty as your honor may direct, conditioned to save the complainants harmless, and to pay and discharge any decree that they may finally obtain in said cause.

Upon the filing of this petition Judge Kelley entered an order enjoining the execution of so much of the former order as required the defendants in the suit to deliver, and the receiver to take charge of, the property of the defendant companies, for a period of time limited to twenty days, in order to give the defendants time to give notice of a motion to dissolve the injunction.

Subsequently, on the 16th day of August, 1890, the plaintiffs, without notice to the defendants, presented to Judge Kelley a second bill, in which they set out the original bill, and the proceedings thereunder and the orders entered, and, as additional matter happening since the filing of the original bill, they alleged that the defendants, after knowledge of the injunction order and before the receiver could take possession, drew out of bank some six or ten thousand dollars, and sent the same out of the state, &c., &c., and prayed for all the relief prayed for in the original bill; " that an injunction be awarded by your Honor to restrain the operation and effect of the said order entered by you in this cause on the 8th day of August,

1890, and declare it null and void; and that the order of His Honor D. W. Bolen, entered· on the 6th of August, 1890, be enforced and carried into effect by all such orders and decrees as may be necessary to restore said receiver to the possession of the property of which he has been unlawfully deprived, and which is now unlawfully withheld from him," and for general relief.

Upon this bill Judge Kelley, on the 16th of August, 1890, endorsed " Injunction refused," and upon the same day, without notice to the defendants, this bill was presented to the Hon. R. A. Richardson, one of the judges of this court, who awarded an injunction in accordance with the prayer of the bill, restraining the defendant corporations and persons named from doing any act in the management of said companies, &c., until the further order of the court, appointing said Bailey receiver, and ordering the clerk of the circuit court of Washington county to issue a writ to the sheriff, directing him to put the said receiver in possession of the property and effects set forth in said order, &c. And from this order this appeal has been taken in the case of *Virginia, Tennessee and Carolina Steel and Iron Co. et als.* v. *Wilder. et als.*

After the injunction had been awarded by Judge Richardson, the receiver being obstructed in getting possession of the property and effects of the defendant companies, applied to the judge of the circuit court to enforce the orders of the appellate judge, by proper directions to the sheriff. And Judge Kelley declining to enforce these orders, this court, on the 16th day of July, 1891, upon the application of the plaintiffs, Jonas Wilder and others, awarded a peremptory writ of *mandamus*, directed to the Hon. John A. Kelley, Judge of the Sixteenth Judicial Circuit, requiring and commanding him to enter and enforce the aforesaid order of the appellate judge.

On the hearing of the application for the *mandamus* the majority of the court, from whom I had the misfortune to differ, upon the assumption that it was a matter in which they

were in nowise interested, declined to permit the defendant corporations to be heard; and it being conceded that an appellate judge had the right, as auxiliary to the power to grant an injunction given him by section 3438 of the Code, to appoint a receiver, I was of opinion that a peremptory *mandamus* should be awarded.    I took occasion, however, at that time to express my misgivings as to the powers of an appellate judge to make such an appointment, as I had previously done in the case of *Fredenheim* v. *Rohr et als.*, 87 Va. 764, and, although that question need not be decided in this case, I deem it proper to say that those doubts have been greatly strengthened by the learned and elaborate arguments with which we have been favored on this appeal.

But assuming for the sake of argument, that an appellate judge has the power to appoint a receiver, I do not think that any sufficient case is made by the bill for the relief prayed for. The debts claimed by the plaintiffs are mere open accounts and not liens upon the property sought to be placed in the hands of a receiver.    Their aggregate amount is small as compared with the large properties they seek to wrest from control of the corporate authorities.    And undue haste and failure of the plaintiff to notify the corporate authorities in advance of their motion, suggests the idea that they were afraid to have their claims considered on the threshhold.    Besides, it is a pregnant circumstance in this case that the defendant corporation have had no opportunity to contest these claims although denied by their petition on affidavit, and it may be that upon a full investigation no such claims exist.    In such a case, where the claims are small in comparison with the property, sought to be sequestrated, and unascertained, and no notice of the application has been given the defendants, and an offer is made to secure those claims should they be subsequently established, by the giving of any bond that may be required, it seems to me that it would be utterly at war with a sound judicial discretion to take the property from the hands of those who

have been legally charged with its custody.   As to the other claims and charges asserted in the bill, I think they should be fully investigated before it can be seen whether they make a case for a receiver or not.   As respects the second of the above-styled causes, which may perhaps be more properly called the contempt proceedings, we think that all action of the circuit court was stayed by the appeal in the first case, and that they should be dismissed.

For these reasons, the order or decree complained of must be reversed, the injunction dissolved, and the receiver discharged, and the first-mentioned case must be remanded for such further proceedings as the parties may be advised to take; and the proceedings in the *mandamus* or contempt case must be dismissed.

LACY, J., and RICHARDSON, J., *dissented.*

DECREE REVERSED AND WRIT DENIED.