CENTRAL TRUST CO. OF NEW YORK v. SOUTH ATLANTIC & O. R. CO.

VIRGINIA, T. & C. STEEL & IRON CO. v. BRISTOL LAND CO.

(Circuit Court, W. D. Virginia. July 21, 1893.)

Nos. 180, 182.

1. COURTS — CONCURRENT STATE AND FEDERAL JURISDICTION — POSSESSION OF SUBJECT-MATTER.

Where a state and a federal court have concurrent jurisdiction of a controversy, the court which first takes control of the subject-matter and of the parties cannot be ousted of its jurisdiction by subsequent proceedings instituted in the other court. Riggs v. Johnson Co., 6 Wall. 166, followed.

2. SAME—APPOINTMENT OF RECEIVER.

When a state court has lawfully appointed a receiver of a corporation, and such receivership still exists, a federal court should not take jurisdiction of a suit by other complainants for the appointment of a receiver.

3. RECEIVERS — APPOINTMENT BY STATE COURT — FEDERAL COURT WILL NOT THEREAFTER APPOINT.

A Virginia circuit judge appointed a receiver of a certain corporation, who took peaceable possession of the property, and conducted the busi-

ness until the evening of the same day, when he was dispossessed by an armed mob led by deposed officials and employes of the corporation. Thereafter, at the suit of the same complainants, a court of appeals judge appointed a receiver, but this decree was appealed from, partly on the ground that one receiver had already been appointed, and was reversed. *Held,* that the receivership under the state circuit judge's appointment was unaffected by the subsequent proceedings, and that a federal court should not take jurisdiction of a suit by other complainants against the same respondent, praying the appointment of a receiver.

In Equity. Bills by the Central Trust Company of New York against the South Atlantic & Ohio Railroad Company, and by the Virginia, Tennessee & Carolina Steel & Iron Company, against the Bristol Land Company, praying the appointment of receivers. The causes were consolidated, and receivers appointed accordingly. The hearing is now on demurrers to the petitions of William McGeorge and others, stockholders and creditors of the iron company, and of John M. Bailey, claiming to be receiver of the three corporations by virtue of an order from a state court. Demurrers overruled, and bills dismissed.

R. A. Ayers and Butler, Stillman & Hubbard, for complainant Central Trust Co.

Jas. B. Richmond, for defendants South Atlantic & O. R. Co., Bristol Land Co., and Virginia T. & C. Steel & Iron Co.

Frank S. Flair, for McGeorge and others.

PAUL, District Judge. The first named of these suits is brought by the complainant company the Central Trust Company of New York, a corporation created by and existing under the laws of the state of New York, against the South Atlantic & Ohio Railroad Company, a corporation created by and existing under the laws of the state of Virginia, and a citizen and resident of said state of Virginia, and of the western district of Virginia; and the second named brought by the complainant company the Virginia, Tennessee & Carolina Steel & Iron Company, a corporation created by and existing under the laws of the state of New Jersey, and a citizen and resident of the said state of New Jersey, against the Bristol Land Company, a corporation created by and existing under the laws of the state of Virginia, and a citizen and resident of said state of Virginia.

Substantially the same facts exist in these causes as were presented in the cause of Central Trust Co. of New York v. Virginia, T. & C. Steel & Iron Co., which was dismissed at the May term, last, of this court, at Abingdon, Va., for want of jurisdiction. 55 Fed. Rep. 769. On the 8th day of August, 1892, the Central Trust Company of New York presented its bill in the above-named cause to Hon. Hugh L. Bond, circuit judge of this court, and on the same day the defendant companies in this cause presented to him their respective bills. In each of said bills the complainant company alleged the insolvency of the defendant company, as evidenced by a judgment by confession obtained against it on the same day in this court, on its law side, at Abingdon, Va., on which judgment an

execution had issued on the same day, and had been returned on the same day nulla bona. In the first named of these two suits the defendant company appeared by its vice president, John C. Haskell, and consented that a receiver should be appointed, and in the last named the defendant company appeared by its president, John C. Haskell, and consented that a receiver should be appointed; and thereupon Judge Bond appointed said John C. Haskell and D. H. Conklin receivers of each of said defendant companies, respectively.

On the 19th day of October, 1892, a petition was presented to the court by William McGeorge and others, claiming to be stockholders and creditors of the Virginia, Tennessee & Carolina Steel & Iron Company, and John M. Bailey, claiming to be the receiver of the several corporations named by virtue of an order made by Hon. D. W. Bolen, judge of the fifteenth judicial circuit of Virginia, in vacation, on the 6th day of August, 1890, and asking that they be made parties complainants or defendants, as the court, in its discretion, might determine, and asking that the several causes named be consolidated, and heard together. In said petition it is alleged that the Virginia, Tennessee & Carolina Steel & Iron Company is the main and substantial company of the companies named; that the other companies—the South Atlantic & Ohio Railroad Company and the Bristol Land Company—are mere offshoots or dependent corporations, created and built up by a diversion of the property and assets of the Virginia, Tennessee & Carolina Steel & Iron Company for such purpose; that practically they are all one company. And the petition further alleges that the several confessions of judgment referred to as having been made on the 8th day of August, 1892, in this court, on its law side, at Abingdon, were made by a person who had no power or authority to make such confessions of judgments; that said judgments were procured by fraud and collusion between the representatives, respectively, of the complainant and the defendant companies; and that the orders awarded by Judge Bond, appointing receivers for each of said defendant companies, were obtained by misrepresentation, fraud, and collusion by and between said representatives of the complainant and the defendant companies, respectively. At the May term of this court last, at Abingdon, Va., these causes were consolidated and continued, with leave to the petitioners to amend their petitions. Amended petitions have now been filed by the petitioners; and demurrers to said amended petitions have been entered by the complainant companies, who have also filed their answers to the same. These causes, as stated, having been consolidated, will be considered together.

The court being satisfied that the petitioners have the right to intervene in this cause, the demurrers will be overruled. Fost. Fed. Pr. § 201.

In determining these causes, the court deems it unnecessary to consider any of the many questions raised in the petition of William McGeorge and others, and the answers filed thereto, except that re-

lating to the appointment of John C. Haskell and D. H. Conklin as receivers of the defendant companies by the circuit judge of this court. This question is paramount because it is alleged in the petition and proven by the evidence that, at the time said Haskell and Conklin were so appointed as such receivers, the state circuit court of Washington county, Va., had already, more than two years previously, assumed jurisdiction over the subject-matter of this contention, and had appointed a receiver for the defendant companies in this suit.

Among the exhibits filed is the following order of Hon. D. W. Bolen, a circuit judge of the state of Virginia, to wit:

"Virginia.

"In Vacation. Before Hon. D. W. Bolen, Judge of the Fifteenth Judicial Circuit, Sitting During the Indisposition of Hon. John A. Kelly, Judge of the Sixteenth Judicial Circuit.

"Jonas Wilder and als., C'm'p'ts, v. Virginia, Tennessee & Carolina Steel and Iron Company, D'f'ts. In Ch'nc'y.

"Upon presentation and reading of the bill of complaint, verified by the affidavits of Jonas Wilder, Wm. G. Sheen, John M. Bailey, and A. H. Blanchard, the exhibits therewith filed, and the affidavits of John R. Dickey, J. F. Hicks, Jonas Wilder, W. G. Sheen, A. J. Wilcox, J. H. Fleenor, J. L. Burson, F. N. Hash, W. F. Aldrich, A. A. Hobson, V. Keebler, M. J. Drake, John H. Dishner, F. W. Aldridge, John M. Bailey, (Nos. 1, 2, 3, and 4,) J. H. Winston, Jr., and upon motion of complainant for an order for an injunction and the appointment of a receiver upon consideration of all which it is adjudged and ordered that upon the complainants, or some one of them, or some one for them, executing bond with good security before the clerk of the circuit court of Washington county, in the penalty of $500.00, conditioned according to law for the payment of all such damages as may be incurred, and all such costs as may be awarded in case this injunction shall be dissolved, an injunction is awarded, according to the prayer of the bill, to be directed unto the Virginia, Tennessee and Carolina Steel and Iron Company, its officers, agents, and employes, restraining it and them, and each of them, from collecting any money due it; from selling, mortgaging, removing, interfering with, or in any way disposing of, its property, or creating or incurring any liabilities upon the property of said company. And said injunction also to be directed to the defendants F. W. Huidekoper, John H. Inman, A. H. Bronson, George S. Scott, Nathaniel Thayer, H. C. Fahnestock, George Blogden, W. G. Oakman, N. Baxter, Jr., A. M. Shook, F. D. Carley, E. A. Adams, R. A. Ayers, C. L. James, J. C. Haskell, William P. Clyde, Exstine Norton, restraining them, and each of them, from acting or assuming to act as directors of said Virginia, Tennessee and Carolina Steel and Iron Company, and from in any way transacting business in the name of, or in behalf of, the company, and from any interfering with any of the property of the company; also, restraining them from releasing or attempting to release any subscriber to the capital stock of said company from any liability on account of such subscription to the capital stock of said company. And said injunction also be directed to the Bailey Construction Company, Bristol Land Company, and the South Atlantic and Ohio Railway Company, their agents, officers, or employes, and each and all of them, restraining them, and each of them, from collecting any money, incurring any liabilities, or in any way interfering with the property or business of the South Atlantic and Ohio Railway Company, Bailey Construction Company, Bristol Land Company, until the further order of court or judge in vacation. And as incident to the injunction, and for the purpose of preserving the property affected thereby, and for the purpose of protecting the rights and interests of all parties in interest, it is ordered and decreed that, upon the injunction herein allowed, being perfected, that John M. Bailey be, and he is hereby, appointed a receiver in this case, and as such receiver will take

charge and possession of the property and assets of the Virginia, Tennessee and Carolina Steel and Iron Company, and of the Bailey Construction Company, of the South Atlantic and Ohio Railroad Company, and of the Bristol Land Company, and manage, operate, and control the same, and collect all money due to either of said corporations; and said receiver shall, in the management and operation of the said railroad company, employ and appoint all necessary officers, agents, and employes, and make and enforce all necessary rules and regulations, and shall keep all necessary and proper accounts of expenses and disbursements in managing and operating said railroad. Said receiver shall, every two weeks, render an account of the disbursements and expenditures, and of his transactions as receiver, which account is to be filed in this cause; and he shall commence, and, as soon as can be done, complete, and file in this cause, an inventory of all property taken possession of by him as such receiver. But before acting as such receiver, the said John M. Bailey shall execute bond, with good security, before the clerk of said circuit court of Washington county, in the penalty of $10,000, conditioned for the faithful discharge of his duties as such receiver according to law, and according to this order. This order appointing a receiver to remain in force until further order of court or judge in vacation.

"D. W. Bolen, Judge of the 15th Judicial Circuit of Va.

"Enter this order. To clerk circuit court of Washington county.

"D. W. Bolen, Judge of the 15th Judicial Circuit of Va.

"August 6, 1890."

The evidence proves that John M. Bailey, the receiver appointed under this order of Judge Bolen, took peaceable possession of the offices, books, shops, rolling stock, and other property of the defendant companies, appointed employes who took service under his orders, ran the trains of the defendant railroad company, and generally conducted the business thereof, from about 9 o'clock A. M. on the 8th day of August, 1890, until about 6 o'clock P. M. of the same day, when he and the employes serving under him were forcibly ejected from the offices of the defendant railroad company in the city of Bristol, Va., in defiance of the said order of Judge Bolen, appointing him receiver. In the light of the evidence, it is impossible to arrive at any other conclusion than that he was thus ejected by force from the offices, and dispossessed of the other property of the defendant companies, of which, by authority of said order of Judge Bolen, he had peaceably assumed charge, and then had in his possession, as an officer of the circuit court of Washington county, Va. And, furthermore, the evidence clearly discloses that said forcible ejectment was done and effected under such circumstances as seem to justify the allegations of petitioners that it was the work of an armed mob; and the evidence is equally clear that the mob was inspired and led on by the deposed railroad officials and employes, who had been superseded by the receiver appointed under Judge Bolen's said order, and the employes appointed by him, and the friends and adherents of said deposed railroad officials and employes in the city of Bristol and vicinity. The evidence as to this fact is all one way, and is full and complete. Indeed, this grave charge of defiance and forcible resistance of Judge Bolen's order appointing J. M. Bailey receiver is not denied anywhere in the answers filed in this cause.

But complainant company alleges that said Bailey, receiver, had been discharged from his office by virtue of a decision of the

supreme court of appeals of Virginia in the case of Iron Co. v. Wilder, and of Wilder v. Kelley, 88 Va. 945, 14 S. E. Rep. 806; but an examination of that decision shows that the order of Judge Bolen, above recited, was never before the supreme court of appeals of Virginia in either of the cases mentioned, and that said decision had no bearing or reference whatever to the appointment of Bailey as receiver, as made by Judge Bolen in said order. On the contrary, that decision expressly states that the appeal was from an order made by Hon. R. A. Richardson, one of the judges of the supreme court of appeals of Virginia, awarding an injunction, and appointing John M. Bailey receiver, etc. A copy of the record in that case has been filed as an exhibit in this cause, from which it appears that the complainants in error in that case, who are the defendants here, did not then contemplate an appeal from the above-recited order of Judge Bolen, appointing John M. Bailey receiver, for they assign as grounds of error in Judge Richardson's order the following:

"That the Hon. R. A. Richardson had no jurisdiction to grant the injunction, for the reason that the injunction granted by Judge Bolen on the 6th day of August, 1890, was still in full force and effect.

"Because Judge Richardson had no jurisdiction to appoint a receiver, no such authority being conferred by the statute upon a judge of the court of appeals, and no judge can appoint a receiver, except the chancellor, who, by his general jurisdiction, can appoint a receiver, as a matter incident to the granting of an injunction.

"Judge Richardson further had no jurisdiction to appoint a receiver for the reason that the said Bailey was already a receiver under the order of Judge Bolen of August 6, 1890, which was still in force.

"And for the further reason that two injunctions between the same parties, touching the same subject-matter, cannot be had in any court at one and the same time."

It is thus shown by the evidence, and is not denied by the complainant, that by an order of the circuit court of Washington county, Va., awarded by Hon. D. W. Bolen, a circuit judge of the state of Virginia, the said state court had assumed jurisdiction and acquired possession of the subject-matter of the contention in this cause, and had appointed a receiver to take charge of the same; that said receiver had taken charge thereof, in pursuance of said order, but had been forcibly dispossessed of the same; and that all these things had been done and effected prior to the 8th day of August, 1892, the day on which the defendant companies in this cause made application to Judge Bond for an injunction and for the appointment of receivers, and he appointed said John C. Haskell and D. H. Conklin receivers, and that at that time the said order of Judge Bolen, entered in the circuit court of Washington county, Va., on the 6th day of August, 1890, was in full force and effect. And the court is of opinion that although it appears that the said state court had subsequently entered an order temporarily restraining its said receiver from taking charge of the property of which it had assumed jurisdiction, and although a motion was then pending in said court to dissolve the injunction, and vacate the order appointing a receiver, yet, as said cause is

still pending in the circuit court of Washington county, Va., the fact is not invalidated that the said state court had assumed prior jurisdiction and acquired prior possession of the subject-matter of this contention when, on the 8th day of August, 1892, the complainant companies presented their bills to Judge Bond, and, furthermore, that said state court still holds such prior jurisdiction. It does not, however, appear that these facts were made known to Judge Bond at the time the said bills of said complainant companies were presented to him, and he appointed said John C. Haskell and D. H. Conklin receivers in this cause. If these facts had been known to him, he, no doubt, would have denied the prayers of the bills presented to him, and have left the causes in question to be further dealt with and determined by the state court which had acquired prior jurisdiction of the same.

Under the full light of the facts, as now disclosed by the evidence, there appears no reason why receivers should be appointed in the circuit court of the United States. All the matters which could be decided by this court are embraced in the suits which are pending in the circuit court of Washington county, Va. There is no reason advanced to this court, nor can it conceive of any, why a new suit should be instituted in this court to accomplish the purposes which can be accomplished by the suits pending in the state court. No reason has been assigned for bringing this second suit, nor can the court see any. The only reason that the court can possibly conjecture for bringing about this conflict of jurisdiction between a federal court and a state court must be referred to the disposition which is, unfortunately, so frequently seen in controversies where property of a corporation is involved,—of contending factions to get control of the same. The law is well settled that, where a state court and a United States court have concurrent jurisdiction, the court which first takes control of the subject-matter and of the parties cannot be ousted of its jurisdiction by subsequent proceedings instituted in the other court. This is sustained by a long line of decisions:

"Undoubtedly, circuit courts and state courts, in certain controversies between citizens of different states, are courts of concurrent and co-ordinate jurisdiction, and the general rule is that as between courts of concurrent jurisdiction, the court that first obtains possession of the controversy, or of the property in dispute, must be allowed to dispose of it without interference or interruption from the co-ordinate court. Such questions usually arise in respect to property attached on mesne process or property seized upon execution; and the general rule is that where there are two or more tribunals, competent to issue process to bind the goods of a party, the goods shall be considered as effectually bound by the authority of the process under which they were first attached or seized." Riggs v. Johnson Co., 6 Wall. 166.

"A court which has once rightfully obtained jurisdiction of the parties may retain it until complete relief is afforded, within the general scope of the subject-matter of the suit." Ward v. Todd, 103 U. S. 327.

"Where two courts have concurrent jurisdiction, the one which first obtains possession of the subject must adjudicate, and neither party can be forced into the other jurisdiction." Smith v. McIver, 9 Wheat. 532; Shelby v. Bacon, 10 How. 56.

"* * * The broad proposition that, upon the principle of comity, no court can take from another, of concurrent jurisdiction, property in its possession or control." Freeman v. Howe, 24 How. 450.

In the case of Sharon v. Terry, in the circuit court for the northern district of California, (Justice Field delivering the opinion of the court,) it was held that:

"Where different courts may entertain jurisdiction of the same subject, the court which first obtains jurisdiction will, with some well-recognized exceptions, retain it to the end of the controversy, either to the entire exclusion of the other, or to the exclusion so far as to render the latter's decision subordinate to that of the court first obtaining jurisdiction, and it is immaterial which court renders the first judgment or decree." 36 Fed. Rep. 337.

"The jurisdiction of this court attached as soon as the bill was filed and process served, and the fact that an actual seizure was made under the bill subsequently filed, and after process was served under a bill previously filed in this circuit, will not deprive this court of its jurisdiction. * * * The proper application of this rule does not require that the court which first takes jurisdiction of the case shall also first take, by its officers, possession of the things in controversy, if tangible and susceptible of seizure. * * * The broad rule is laid down that the court first invoked will not be interfered with by another court while the jurisdiction is retained. The jurisdiction thus acquired is exclusive, and it is the duty of all other tribunals, both by law and comity, not to interfere with it." Owens v. Railroad Co., etc., 20 Fed. Rep. 10.

See, also, Miller v. Tobin, 18 Fed. Rep. 609; Osgood v. Railroad Co., 6 Biss. 330; Armstrong v. Bank, Id. 524; Bills v. Railroad Co., 13 Blatchf. 227; Williams v. Morrison, 32 Fed. Rep. 177; and Hay v. Railroad Co., 4 Hughes, 376.

In view of this array of authorities, the court would be loath to violate the well-established rule of comity which prevails between the federal courts and the state courts in cases of concurrent jurisdiction, by sustaining the appointment of receivers to supersede the prior appointment of a receiver in the same cause made by a circuit court of the state of Virginia. For these reasons the court is of the opinion that the order entered in this cause on the 8th day of August, 1892, appointing John C. Haskell and D. H. Conklin receivers of the defendant companies, was improvidently made, and must be vacated, and the said receivers discharged. The suits must be dismissed, at the costs of complainants.