## CARY BROS. v. DALHOFF CONST. CO.

(Circuit Court, E. D. Arkansas, W. D. January 2, 1904.)

1. PARTNERSHIP—RECEIVERS—DISCRETION.

Where the appointment of a receiver to take charge of the funds to be derived from a partnership adventure would involve damage to both parties, which could easily be avoided by the defendant giving bond to comply with a judgment of the court in an action for an accounting between the parties, the court, in its discretion, will refuse to appoint such receiver on the execution of such bond.

2. SAME—POWER OF COURT.

In an action for an accounting between partners engaged in a joint adventure, the court has power to take a common-law bond from the defendant to secure its compliance with the judgment ultimately to be rendered, in order to obviate the necessity of the appointment of a receiver.

3. SAME—INTEREST—ESTOPPEL.

Where, in an action for an accounting between partners, the court required defendant to give a bond to obviate the appointment of a receiver,

the giving of the bond operated to estop defendant to dispute the right of the court to require it to pay interest on all moneys belonging to partnership while in defendant's hands.

**4. SAME—PAYMENTS.**

Where suit was brought for an accounting between members of a firm engaged in the construction of a railroad, and the court required defendant to give a bond to obviate the appointment of a receiver, subsequent payments by defendant to subcontractors, etc., were made at its peril, unless directed by order of a court of competent jurisdiction after notice to complainants, and an opportunity to them to defend the suit.

On Motion for Appointment of Receiver.

Rose, Hemingway & Rose, for complainants.
Hill & Auten, for defendant.

TRIEBER, District Judge (orally). This is an action for an accounting between the parties, who entered into a copartnership for the purpose of constructing several miles of railroad track, under contract with a railroad company. After the contract had been obtained by the parties, they subdivided it between themselves, each party to do certain parts of the work, and also sublet considerable of it to subcontractors at a lower price; the profits thus arising from the subcontracts to be divided equally between the parties. The payments were made on monthly estimates to the defendant, and, until the December payment was made, everything was satisfactorily adjusted between them. In December over $39,000 was paid to the defendant, who now refuses to pay any part thereof to complainants, although they claim that $34,000 of this amount belongs to them; that there is about $29,000 more due on the contract, which will be paid within a few days and received by the defendant; that out of that amount the sum of $9,000 is due complainants, and unless prevented by this court the moneys paid over to defendant will be retained by it, and complainants deprived of the money due to them. The prayer of the bill is for an accounting of the partnership business, and the appointment of a receiver to take charge of the $39,000 lately paid over, and which is now in the hands of a bank, which is made a party defendant to this cause, with authority to collect the balance due under the contract to be held until the determination by the court of the amounts respectively due to each. From the answer it appears that, when the contract was let to the parties, they executed a bond to the railroad company for the proper completion of the work, and the payment of all claims of materialmen, subcontractors, and laborers, which, under the laws of this state, are liens on the roadbed; that this bond was executed principally by friends of the defendant at its solicitation, and the sureties look to defendant for indemnity in case of any loss or liability; that one of the subcontractors of complainants now claims that there is $4,600 due him for work as such subcontractor, for which he has now instituted suit in one of the state courts, seeking to subject the work to his lien; that there are other subcontractors of complainants who claim that they have not been paid the amounts due them from complainants for work and labor under their subcontracts.

Upon the pleadings the court would undoubtedly be justified in appointing a receiver in this case, but the experience of the court has

been that the damage inflicted on all the parties to a suit by the appointment of a receiver is usually so great that courts should grant it very reluctantly, and if it can possibly be avoided without injury to either of the parties, or if the rights of all parties can be fully protected without it, the appointment should be refused. The appointment of a receiver in the case at bar will necessarily incur considerable expense—the compensation of the receiver, and, in all likelihood, the expense of an attorney for the receiver, the clerk's costs, and poundage fees; and, besides, it would result in keeping over $68,000 tied up in the registry of the court, without interest to either party, for at least a year, if not for a much longer period. Taking a practical, businesslike view of the situation, I am of the opinion that this should be avoided, if possible; and, in my opinion, it can be done with ample protection to every party.

The order of the court will be that no receiver will be appointed if the defendant will within five days execute a bond, with good and sufficient sureties, in the sum of $50,000, conditioned that it will perform any decree of the court herein requiring it to pay to the complainants any sums of money that may be found due them on an accounting from the defendant, with interest at the rate of 6 per cent. per annum from the time found by the court the moneys due complainants were received by the defendant. The bond is also to contain a stipulation that the sureties therein submit themselves to the jurisdiction of this court in this cause by the execution of the bond, and consent that whatever decree may be rendered in this cause against the defendant company may at the same time be rendered against them as sureties, and that execution may issue thereon against them at the same time and in the same manner as against the defendant; but, if it fails to file such bond, a suitable person will be appointed by the court in conformity with the prayer in the bill. The power of the court to accept such a bond cannot be doubted. Devereux v. Fleming (C. C.) 47 Fed. 177; Stillwell v. Havana Grocery Co., 88 Ga. 100, 13 S. E. 963; Virginia, etc., Co. v. Wilder, 88 Va. 942, 14 S. E. 806; Stith v. Jones, 101 N. C. 360, 8 S. E. 151. The bond, although not statutory, will be a good common-law obligation. McLeod v. Scott, 38 Ark. 72.

The stipulation required to be inserted in the bond, whereby the sureties consent to a decree against them at the same time the decree is rendered against the defendant, and for execution against them, will prevent any unnecessary delay in the collection of the decree, if one is rendered in favor of the complainants. The execution of the bond is an election on the part of the defendant to accept the terms of the order refusing the appointment of a receiver, upon conditions, and will thus estop it from disputing the right of the court to require it to pay interest on all moneys while it is in its hands.

The settlement of the claims of subcontractors, materialmen, and laborers is restricted to the just and lawful claims of such persons; and defendant makes all payments at its peril, unless directed to do so by the order of a court of competent jurisdiction, after notice to complainants, and an opportunity to them to defend the action.

I can conceive of nothing that can in any way affect the rights of

complainants injuriously by adopting this course, while all parties may be benefited thereby.

An order in conformity with these views will be entered, and a form of bond, strictly complying with all the conditions of the order, will be prepared for execution. If defendant fails to file the bond within the time required, a receiver will be appointed.