# PEPER *v.* FORDYCE.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF ARKANSAS.

Argued November 17, 1886. — Decided December 13, 1886,

If the jurisdiction of the Circuit Court of the United States does not appear on the face of the record, in some form, the decree is erroneous and must be reversed.

A, a citizen of Arkansas, conveyed to B, a citizen of the same State, real estate in Arkansas, in trust to secure the payment of notes due to C, a citizen of Missouri, with power of sale in case of non-payment. Subsequently A became insolvent and assigned his property to D, a citizen of Arkansas, in trust for the benefit of his creditors. *Held,* that, in proceedings in equity commenced by D to determine the amount of indebtedness from A to C, and to prevent the sale of the trust property by B, and to obtain a cancellation of the conveyance to B on payment of the amount found due to C, B was a necessary party, with interests adverse to D; and as both were citizens of the same State, and as the jurisdiction of the Circuit Court depended alone upon the citizenship of the parties, it was without jurisdiction. *Thayer* v. *Life Association of America,* 112 U. S. 117, affirmed.

When a decree or judgment of a Circuit Court is reversed for want of jurisdiction in that court, this court will make such order in respect to the costs of appeal as justice and right may seem to require. *Mansfield, &c., Railway* v. *Swann,* 111 U. S. 379, and *Hancock* v. *Holbrook,* 112 U. S. 229, followed.

From the record in this case it appeared that on the 10th of January, 1881, Walter A. Moore, a citizen of Arkansas, conveyed to George G. Latta, a citizen of the same State, certain property in the city of Hot Springs, in trust to secure the payment of three notes for the sum of $2433.46 each, payable to the order of Charles G. Peper, under the name of Charles G. Peper & Co., a citizen of Missouri, with power of sale in case of non-payment. After the execution of this conveyance Moore became insolvent, and assigned his property to Samuel W. Fordyce, a citizen of Arkansas, for the benefit of his creditors. On the 11th of June, 1881, Fordyce as such assignee, at the instance of the creditors of Moore and in their behalf;

began a suit in equity in the Circuit Court of the United States for the Eastern District of Arkansas against Peper and Latta, the object and purpose of which was to prevent a sale of the property under the deed to Latta, and for an account of certain transactions between Peper and Moore connected with the notes which had been secured, with a view to the cancellation of the debt, or at least its payment after the exact amount due should be determined. In the bill it appeared that both Fordyce and Latta were citizens of Arkansas, and that Peper was a citizen of Missouri. To this bill Peper and Latta filed a joint answer.

Afterwards, on the 31st of October, 1881, Fordyce, as assignee, and Moore began another suit against Peper and Latta in the Circuit Court of Garland County, Arkansas, the object of which was also to enjoin Peper and Latta from selling the property under the deed to Latta, and to obtain a cancellation of the conveyance. Immediately on the filing of this bill, a preliminary injunction was granted as prayed. On the same day, Peper and Latta filed a petition for the removal of this last suit to the Circuit Court of the United States for the Eastern District of Arkansas, on the ground that "there is a controversy in this suit between citizens of different States, and which can be fully determined between them." In their petition it was stated in express terms that Latta, Fordyce, and Moore were all citizens of Arkansas, and Peper a citizen of Missouri. This cause was entered in due form in the Circuit Court of the United States on the 14th of November, 1881, and on the 21st of the same month Peper and Latta filed in that court a joint answer to the bill which had been filed in the State court, and on which the injunction had been granted. On the 20th of December, 1881, the two causes thus in the Circuit Court of the United States were there consolidated on motion of Fordyce, and an order made "that the two causes be tried as one suit under the title" of the cause originally begun in that court.

On the 10th of June, 1882, Peper and Latta filed a cross-bill in which they prayed a foreclosure and sale of the trust property. To this cross-bill an answer was filed by Fordyce and

Moore, setting up substantially the same defences as were shown in the bill of Fordyce in the Circuit Court of the United States, and to this a replication was filed by Peper and Latta. Testimony was taken, and on the final hearing of the cause a decree was entered dismissing the cross-bill and directing a cancellation of the deed of trust. From that decree Peper and Latta took this appeal.

*Mr. Henry Hitchcock* for appellants.

*Mr. Eben W. Kimball (Mr. George W. Murphy* was with him) submitted on their brief.

MR. CHIEF JUSTICE WAITE. after stating the case, delivered the opinion of the court.

The first objection now made to the decree is, that the Circuit Court had no jurisdiction, either of the suit originally begun in that court, or of that removed from the State court. If the jurisdiction does not appear on the face of the record in some form, the decree is erroneous and must be reversed. That was decided at the present term in *Continental Life Ins. Co.* v. *Rhoads,* ante, 237, to which reference is made for the authorities.

The jurisdiction in this case depends alone on the citizenship of the parties; and in the suits as originally begun, and on their consolidation in the Circuit Court, Latta, one of the defendants, is, and was at the commencement of the actions, a citizen of the same State with the plaintiffs. This is fatal to the jurisdiction, because Latta was an indispensable party adverse in interest to the plaintiffs, and there was no separable controversy between the plaintiffs and Peper which would authorize the removal of the suit begun in the State court on that account. This was expressly decided in *Thayer* v. *Life Association of America,* 112 U. S. 717, a case which cannot be distinguished from this. It follows, therefore, that the decree must be reversed.

It only remains to consider the question of costs; for in *Mansfield, Coldwater & Lake Michigan Railway Co.* v. *Swann,*

111 U. S. 379, and *Hancock* v. *Holbrook*, 112 U. S. 229, it was held that, upon a reversal for want of jurisdiction in the Circuit Court, this court may make such order in respect to the costs of the appeal as justice and right shall seem to require. Here the error is attributable equally to both the parties. Fordyce sued originally in the Circuit Court, when, upon the face of his bill, it appeared there was no jurisdiction. Without discontinuing that suit he sued again in the State court upon what was substantially the same cause of action, and to obtain substantially the same relief. This suit Peper and Latta caused to be removed to the Circuit Court, and in their petition set forth a state of facts which showed that the case was not removable. The cause was then entered in the Circuit Court, and an answer and a cross-bill filed by Peper and Latta without any attempt on the part of Fordyce or Moore to have the suit remanded, and without even calling the attention of the court to the question of jurisdiction. On the contrary, after the answer and before the cross-bill, Fordyce moved for and obtained an order that the two cases — that which he had brought in the Circuit Court of the United States and that which Peper and Latta had removed there — be heard as one under the title of his own suit in that court. The cases then proceeded, without objection by either party, until after a final decree below and an appeal by Peper and Latta to this court. Under these circumstances, we order that the costs of this court be divided equally between the parties, each paying half.

*The decree of the Circuit Court is reversed for want of jurisdiction in the Circuit Court, and the cause remanded, with instructions to dismiss the bill filed originally in that court by Fordyce against Peper and Latta, without prejudice, and to remand the suit removed from the State Court, each party to pay his own costs in the Circuit Court.*