## RUST v. BRITTLE SILVER CO. et al.

(Circuit Court of Appeals, Eighth Circuit. October 30, 1893.)

### No. 302.

FEDERAL COURTS—CITIZENSHIP.

In a suit to set aside a deed of trust made for the benefit of creditors, it appeared that the plaintiff and the trustee were citizens of the same state, but that the beneficiaries under the deed, other than the plaintiff, were citizens of another state. *Held,* that the trustee was an indispensable party to the suit, and that the federal court, therefore, had no jurisdiction.

Appeal from the Circuit Court of the United States for the District of Colorado. Decree modified.

M. B. Carpenter and W. N. McBird, for appellant.
Albert S. Frost, for appellees.

Before CALDWELL and SANBORN, Circuit Judges, and THAY-ER, District Judge.

CALDWELL, Circuit Judge. This is a suit in equity begun by George Rust, the appellant, against the Brittle Silver Company, Albert S. Frost, trustee, William H. Bofinger, Charles K. Hall, and George N. Fenno, appellees, in the circuit court of the United States for the district of Colorado. The Brittle Silver Company, a Louisiana corporation, on the 10th day of April, 1890, conveyed all its property, consisting of lode mining claims in Summit county, Colo., to Albert S. Frost, in trust, to secure the payment of debts due and owing by the company, as follows, namely: To the defendant William H. Bofinger, the sum of $4,832.64; to the defendant Charles K. Hall, the sum of $3,009.84; to the defendant George N. Fenno, the sum of $2,935.38; and to George Rust, the appellant, the sum of $5,212.04.

A statute of Colorado provides that "no corporation doing business in this state, incorporated under the laws of any other state, shall be permitted to mortgage, pledge or otherwise encumber its real property situated in this state, to the injury or exclusion of any citizen, citizens or corporation of this state who are creditors of such foreign corporation; and no mortgage by any foreign corporation, except railroad and telegraph companies, given to secure any debt created in any other state, shall take effect as against any citizen or corporation of this state until all its liabilities due to any person or corporation in this state at the time of recording such mortgage have been paid and extinguished." Mills' Ann. St. § 499.

The bill alleges that the plaintiff and the defendant Frost, the trustee in the deed of trust, are citizens of the state of Colorado, and that the other defendants are citizens of the state of Louisiana, and claims that as the plaintiff is the only creditor of the defendant corporation whose debt is secured by the deed of trust, who is a citizen of Colorado, he is entitled, under the statute above quoted, to have his debt, upon which he has obtained a judgment at law, made a lien upon the premises conveyed by the deed of trust prior and superior to that of the other creditors whose debts are secured by that instrument; and the prayer of the bill is that the deed of trust may be declared to be of no effect as against the judgment of the appellant, and that the "defendant Albert S. Forest, trustee, be decreed to release said premises from said deed of trust; that when said premises shall be sold by virtue of an execution issued in favor of your orator in the law action, or if sold under said deed of trust, your orator's claim shall be decreed to be first paid in full out of the proceeds of such sale, before any of the claims of the defendants William H. Bofinger, Charles K. Hall, or George N. Fenno shall be paid."

It will be observed that the plaintiff and the defendant Frost, the trustee, to whom the corporation had conveyed its property, are

both citizens of the state of Colorado. The bill avers that Frost, the trustee, "is only a nominal party," and the jurisdiction of the court is attempted to be supported upon that theory. But the position is not tenable. The deed of trust invested Frost with the legal title to the premises, and imposed on him the duty of selling the property, and applying the proceeds to the payment of certain debts of the grantor. The bill seeks to set aside and annul this conveyance, and make a disposition of the property different from that provided for in the deed of trust. To a bill seeking such relief, Frost, the trustee, is not a nominal, but an indispensable, party. As the plaintiff and Frost, the trustee, are citizens of the same state, the court below had no jurisdiction of the case, and rightly dismissed the bill. Thayer v. Association, 112 U. S. 717, 5 Sup. Ct. Rep. 355; Peper v. Fordyce, 119 U. S. 469, 7 Sup. Ct. Rep. 287.

There was a demurrer to the bill, which was sustained, and thereupon the bill was dismissed generally. As the demurrer challenged the right of the plaintiff to relief on the merits, the decree dismissing the bill should be modified to show that the bill was dismissed for want of jurisdiction, and the cause is remanded to the circuit court with directions to qualify its decree accordingly.