### BARTH v. COLER et al.

(Circuit Court of Appeals, Eighth Circuit. February 26, 1894.)

#### No. 354.

1. CIRCUIT COURTS OF APPEALS—REMOVED CASES.

Under the judiciary act of 1875, § 5, it is the duty of the circuit court of appeals, in considering a case which has been removed from a state court, to examine the record to see whether the removal was rightfully made, even if there was no motion to remand.

2. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.

Suit was brought in a Colorado court by the owner of the equity of redemption in certain lands to set aside conveyances thereof made by the sheriff as trustee ex officio, under a deed of trust. It was charged that the sale was made by fraud and collusion between the sheriff and the purchaser, and both were made defendants. It appeared, however, that the purchaser had paid a large sum of money for the lands, which the sheriff had distributed to the persons entitled. *Held*, that the sheriff was a necessary party, and that there was no separable controversy which would enable the purchaser, who was a citizen of a different state, to remove the cause to a federal court.

Appeal from the Circuit Court of the United States for the District of Colorado.

This action was brought in a Colorado court by William Barth against W. N. Coler, Jr., and Walter O'Malley to set aside certain deeds made by O'Malley to Coler pursuant to a sale under a deed

of trust. Defendant Coler removed the case to the federal court, by which, after hearing had, it was dismissed. From the decree of dismissal, complainant appeals.

Cass E. Herrington and Charles J. Hughes, Jr. (Fred Herrington, on the brief), for appellant.

John H. Knaebel, for appellees.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

THAYER, District Judge, delivered the opinion of the court. The appellant, who was the complainant in the circuit court, first filed his bill against the appellees, Coler and O'Malley, in the district court for the county of Huerfano, state of Colorado, the object of which suit was to set aside and annul three trustee's deeds conveying certain lands situated in said county and in the town of Walsenburg, Colo. The bill charged in substance that Thomas F. Martin, a former owner of the property, had executed a deed of trust thereon in the nature of a mortgage, in favor of one Richard H. Hutton, for the purpose of securing the repayment of a loan in the sum of $5,000; that, under the provisions of said deed of trust, Walter O'Malley, who was one of the defendants, as acting sheriff of Huerfano county, became entitled by virtue of his office to act as trustee in said deed for the purpose of executing the power of sale therein contained; and that as such trustee he had, in the month of April, 1892, made three deeds to his codefendant, W. N. Coler, Jr., which deeds purported to convey to Coler all of the lands embraced in said deed of trust. The bill also showed that, prior to the alleged conveyances by O'Malley to Coler, the complainant Barth, at a sale made under a junior deed of trust, had become the purchaser and the owner of Martin's equity of redemption in said property. The bill further showed that the deeds by O'Malley to Coler were ostensibly executed in favor of the latter, because he was the highest bidder at a public sale which had been duly advertised and held by O'Malley as trustee, in execution of the power of sale contained in the aforesaid deed of trust. It was averred, however, that the deeds thus made by O'Malley as trustee were fraudulent as to Barth, the owner of the equity of redemption, because of a conspiracy between the trustee and Coler to so conduct the sale as to vest the title to said land in Coler, and to deprive Barth of any share of the purchase price that might be realized in excess of the mortgage debt. It was further charged that the trustee's sale was also void, because the mortgage debt had been paid prior to the sale, and because notice of that fact was communicated to the trustee before the sale was consummated. After process had been issued by the state court and had been served, the defendant O'Malley appeared by his attorney, and filed a general demurrer to the complaint. Coler appeared by his attorney, and filed a petition and bond for the removal of the cause to the circuit court of the United States for the district of Colorado, where it was eventually tried, the result being a final decree dis-

missing the complainant's bill.    The material portion of the peti-
tion for removal was as follows:

"Your petitioner respectfully shows that he is one of the defendants in the
above-entitled suit, and that the matter and amount in dispute in the said
suit exceeds, exclusive of interest and costs, the sum or value of more than
five thousand dollars.  Your petitioner further shows that said suit is of a
civil nature, and that there is in said suit a controversy which is wholly
between citizens of different states and which can be fully determined as
between them, to wit, a controversy between your said petitioner, who avers
that he was at the time of the bringing of this suit, and still is, a citizen of
the state of New Jersey, and the said plaintiff, who, as your petitioner avers,
was then, and still is, a citizen of the state of Colorado; that the said con-
troversy is of the following nature: That said plaintiff has filed a complaint
in this court to set aside a deed to your petitioner conveying the Lake
Miriam ditch and reservoir, and also certain other deeds mentioned and de-
scribed in said complaint, alleging that the said title to said premises was
obtained by fraud on the part of your petitioner, and praying that the said
conveyances to your petitioner be set aside and for naught held, and praying
no other or further relief against his said codefendant, Walter O'Malley; and
that the only relief demanded in said complaint is against your petitioner,
and that your petitioner and said plaintiff are both actually interested in the
said controversy."

No motion appears to have been made in the circuit court to
remand the case to the state court, but, under the provisions of sec-
tion 5 of the act of March 3, 1875 (18 Stat. 470, 1 Supp. Rev. St. 175),
it is made our duty, even in the absence of such a motion, to exam-
ine the record, and to order a remand if it appears to be a suit that
was not rightfully transferred to the federal court.    Railway Co.
v. Swan, 111 U. S. 379, 383, 4 Sup. Ct. 510;  Burnham v. Bank, 10
U. S. App. 485, 3 C. C. A. 486, 53 Fed. 163.    It appears to have
been removed to the United States circuit court upon the assump-
tion that it involved a separable controversy within the meaning
of the third clause of section 2 of the judiciary act of March
3, 1887 (25 Stat. 434, c. 866); but it seems obvious that it does
not fall within the purview of that clause of the removal act.    It
has been settled by a long line of decisions beginning with Barney
v. Latham, 103 U. S. 205, that a case is not removable on the
ground of a separable controversy, unless the cause of action sued
upon is capable of separation into two or more independent suits,
one of which is wholly between citizens of different states, in such
sense, that it may be fully determined as between them without
the presence of the other parties to the record.    Fraser v. Jen-
nison, 106 U. S. 191, 1 Sup. Ct. 171;  Hyde v. Ruble, 104 U. S. 407;
Corbin v. Van Brunt, 105 U. S. 576;  Ayres v. Wiswall, 112 U. S.
190;[1]  Pirie v. Tvedt, 115 U. S. 43, 5 Sup. Ct. 1034, 1161;  Railroad
Co. v. Ide, 114 U. S. 55, 5 Sup. Ct. 735;  Telegraph Co. v. Brown,
32 Fed. 337.    The sole purpose of the present suit was to obtain
an adjudication that the deeds executed by O'Malley, as trustee,
were voidable both on the ground that the mortgage debt had been
paid before the sale was consummated and on the ground that
the trustee had acted unfairly and in collusion with the purchaser
at the sale.    It is manifest, we think, that the cause of action

[1] 5 Sup. Ct. 90.

was not susceptible of division into two or more separable controversies, and that the suit was not removable on that ground, for the reason that the complainant only demanded one form of relief which was predicated altogether upon wrongful acts for which the trustee and the purchaser were jointly responsible. An attempt is made to sustain the jurisdiction of the circuit court on the ground that the controversy was really between Barth and Coler, who, as the petition for removal shows, were citizens of different states, and that O'Malley was an unnecessary party defendant. This position, however, cannot be maintained. The record shows that both of the defendants were concerned in the alleged fraud; it also shows that the purchaser at the trustee's sale paid to the trustee at the conclusion of the sale some $15,000, being the amount of his bid, and that the trustee had distributed the proceeds of the sale before the present bill was filed, paying a large part thereof to Martin, the mortgagor. If the trustee's deeds are set aside, O'Malley is accountable to Coler for the purchase price so received and distributed. He cannot be regarded, therefore, as a merely nominal or disinterested party, but is entitled to be heard in a suit which is brought to impeach the validity of the sale, and to annul deeds that were executed by him in the discharge of his trust. Thayer v. Association, 112 U. S. 717, 5 Sup. Ct. 355; Peper v. Fordyce, 119 U. S. 469, 7 Sup. Ct. 287; Rust v. Brittle Silver Co., 7 C. C. A. 389, 58 Fed. 611. We also note the fact that the petition for removal in the present case did not even allege that Coler was a nonresident of the state of Colorado, but simply averred that he was a citizen of New Jersey. It is not necessary to decide at this time whether this latter fact is also fatal to the jurisdiction of the circuit court of the United States for the district of Colorado, but we allude to it for the purpose of saying that, in view of the different meanings which the words citizen, resident, inhabitant, etc., have now acquired, counsel will frequently save their clients great expense and delay, which might easily be avoided, by speaking in the exact language of the removal acts when they attempt to use either of the above terms. Freeman v. Butler, 39 Fed. 1; Overman Wheel Co. v. Pope Manuf'g Co., 46 Fed. 577. The case must be remanded to the circuit court, for the reasons above indicated, with directions to vacate its former decree dismissing the bill, and to remand the case to the district court of Huerfano county, Colo.

It is so ordered, at the cost of the appellees.