STATE OF MISSOURI, to Use of PUBLIC SCHOOL FUND OF NEW MADRID COUNTY, v. NEW MADRID COUNTY et al.

(Circuit Court, E. D. Missouri, E. D. March 17, 1896.)

No. 3,899.

REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—FORMAL AND NECESSARY PARTIES.
The state of Missouri granted to the county of M. the swamp lands, donated to the state by congress and located in said county, to be drained and sold for the benefit of the school fund of the county. Many years after such grant, a bill in equity was filed, in a state court, by the state, on behalf of the school board of M. county, against that county and sundry persons, citizens of other states, alleging that the county had committed various breaches of trust in the disposition of the lands so granted to it, by disposing of them without consideration, or for purposes not within the trust, by misapplying moneys received from their sale and otherwise; that the conveyances so made were fraudulent and void; that the lands, so disposed of in breach of the county's trust, had come to the hands of the other defendants, with knowledge of such breaches of trust,—and praying that such conveyances be set aside, and the land restored to the county and for general relief. The defendants, other than the county, sought to remove the cause to the federal court, on the ground of diverse citizenship. *Held*, that the county of M. was a necessary, and not merely a formal, party to the suit, and an adversary party to the complainant, and, such county and the real complainant in interest being both citizens of Missouri, the suit could not be removed.

In Equity.

Lee & McKeighan, H. N. Phillips, and C. L. Keaton, for complainant.

R. B. Oliver and Brown & Geddes, for defendants.

ADAMS, District Judge. This cause came here by removal from the circuit court of New Madrid county. The complainant now appears by counsel, and moves to remand the cause for the alleged reason that the same does not present a controversy "wholly between citizens of different states," and is, therefore, not removable to this court. Although the cause is instituted in the name of the state of Missouri, it is manifest, from the statute under which it arises (Rev. St. 1889, § 8040), that the real party complainant is the school board, for and in behalf of the common schools of New Madrid county, and, as such, is a citizen of the state of Missouri, within the mean-

ing of the act of congress relating to removal of causes. The defendants are all, with the exception of New Madrid county, citizens of states other than Missouri. New Madrid county, being a municipality of the state, is a citizen of the state, within the meaning of such act. If, therefore, the county is a necessary party to this cause, it does not present a controversy wholly between citizens of different states, and is not removable to this court. If, on the other hand, the county is a mere nominal party, and not a necessary party, the controversy is wholly between the school board, acting in behalf of the public schools of the county, and the other defendants, who, as already seen, are citizens of other states, and the cause is removable to this court. The question for determination, therefore, is whether New Madrid county is a necessary party.

The bill of complaint shows that, by act of congress approved September 28, 1850, the United States granted to the state of Missouri certain swamp and overflowed lands, to be drained and reclaimed for the ultimate benefit of the public schools of the state; that the state of Missouri afterwards, by different acts of its general assembly, granted such of these lands as were located in New Madrid county to that county, to be drained and reclaimed by it, and afterwards sold at not less than $1.25 per acre, the net proceeds thereof to become a part of the common school fund of that county; that, by the provisions of such acts, the county court of said county alone had the right to make the sales and issue patents for the lands sold, provided, however, that this should be done only after full payment of the purchase price therefor had been made. It appears that New Madrid county, as a municipality, became vested with the legal title of the swamp and overflowed lands in its territory, in trust for the benefit of the common schools of the county, and that an elaborate scheme was devised by the legislature of the state for the execution of the trust, so as to secure proceeds of the sale of the lands, in money, for the benefit of the school fund of the county. It further appears, as averred in the bill of complaint, that said county, by and through its county court, committed divers breaches of trust in handling and disposing of said lands, as follows: That it disposed of large tracts thereof without consideration, and particularly without securing the upset price fixed by the acts of the general assembly therefor; that it donated other large tracts of said lands to a certain alleged corporation, or to its stockholders, ostensibly for the purpose of draining and reclaiming the same, but really as a subsidy only, to secure the construction of a railroad through the county; that it conveyed other portions thereof to divers persons in order to secure the dismissal of certain suits instituted by them against the county of New Madrid; that the county court required the payment, in one instance, of $10,000 as partial consideration for a conveyance, and that no part or portion of said sum, or other proceeds of the sale of said lands, was ever turned over to the school fund of said county; that all said transactions were made contrary to law, and in violation of the trust imposed upon the county by the act of congress (supra) and the several acts of the general assembly above referred to; that said county, by and through its county court,

combined, confederated, and conspired with the other defendants in this cause, to so dispose of said lands, in the way and manner aforesaid, as to deprive the school fund of the benefit thereof. It is further alleged, in the bill of complaint, that for the reasons aforesaid, and other similar reasons set forth at great length, all said conveyances and transfers of the lands, which are particularly described in the bill of complaint, were fraudulent and void, and that the defendants, other than New Madrid county, now hold, either by direct or mesne conveyance from said New Madrid county, with full knowledge of the facts aforesaid, deeds or patents to said lands, and claim to be the beneficial owners thereof. The complainant prays that all the contracts, deeds, patents, and conveyances so made by said county be set aside and for naught held, and that all of said lands be restored to the possession of said county, to be held and disposed of by it for the purposes of the trust conferred upon it. There is also a prayer for general relief.

It is manifest, from this very general analysis of the bill of complaint, that the county of New Madrid is charged with a direct and willful breach of trust in transferring the title to the lands described in the bill of complaint to the defendants or their grantors, through whom they claim. By virtue of the acts of the general assembly creating the trust above referred to, New Madrid county undoubtedly became a statutory trustee, charged with the duty of so disposing of the swamp and overflowed lands within its territory as to create a fund for the benefit of the common schools of the county. It, and it alone, had the power to act as such trustee, and one of the purposes, if not the main purpose, of the bill of complaint in this case is to restore to the county the legal title to the lands in controversy, and to compel the county to proceed and execute the trust imposed upon it by law. Divers contracts, deeds, and conveyances are alleged to have been made by the county in the execution of a scheme to defraud the schools, and deprive them of the lands in controversy. In order to do complete equity in this cause, it will be entirely proper and necessary, in the event the complainant prevails, not only to set aside the deeds and conveyances under which the defendants claim the land in controversy, but to reinvest the title to said lands in the county, with directions to proceed and execute the trust imposed upon it by law; and, under certain possible contingencies, it may be proper and necessary to require the county to account in this action for a diversion of the trust funds. The county is, therefore, essentially an adversary party to the complainant in this cause. It is a trustee charged with having fraudulently disposed of trust property, and is a necessary party to a suit against the fraudulent grantees to reclaim the same. This proposition has been recognized and asserted in numerous cases in the supreme court of the United States and in the circuit court of appeals, and must be regarded as the settled doctrine of this court. The leading cases are: Barth v. Coler, 9 C. C. A. 81, 60 Fed. 466; Wilson v. Oswego Tp., 151 U. S. 56, 14 Sup. Ct. 259; Thayer v. Association, 112 U. S. 717, 5 Sup. Ct. 355; Peper v. Fordyce, 119 U. S. 469, 7 Sup. Ct. 287; Rust v. Silver Co., 7 C. C. A. 389, 58 Fed.

611; Railway Co. v. Wilson, 114 U. S. 60, 5 Sup. Ct. 738; Crump v. Thurber, 115 U. S. 56, 5 Sup. Ct. 1154. Applying the doctrine of the foregoing authorities, New Madrid county cannot be held to be a mere nominal party in this cause. On the contrary, it is an indispensable and necessary party to a complete disposition of the matter in controversy, and, inasmuch as it is a citizen of the same state with the complainant, the cause was not removable to this court on the ground of diverse citizenship, and the motion to remand must be sustained.

My attention has been called to an opinion in the case of Missouri v. Alt, 73 Fed. 303 (decided at nisi prius by Judge Thayer), as direct authority in a similar cause for a different conclusion than that reached by me. I have carefully considered the opinion in that case, and it is manifest that the facts there presented to the court were essentially different from the facts shown in the bill of complaint in this cause. So far as disclosed by the bill, the county of Cape Girardeau was there but a nominal party. Again, in that case it clearly appears that the county was not an adversary party to the complainant. It appears, by the opinion, that the county refused to join as a complainant in the cause, and was therefore made a defendant. For this reason the court held that, in the arrangement of parties for the purpose of determining jurisdiction, the county should be treated, as complainant's counsel obviously treated it, as the same in interest with complainant, and in no sense an adversary party. The case last referred to is therefore not applicable to the facts of the case now before the court.