SOUTHERN LAND & TIMBER CO. v. JOHNSON et al.

(Circuit Court, E. D. North Carolina. June 21, 1907.)

COURTS—JURISDICTION OF FEDERAL COURT—AMOUNT IN DISPUTE.

> Under the rule that the jurisdiction of a federal court must affirmatively appear from the record, a bill for the partition of lands does not state a case within the jurisdiction where it shows the value of complainant's interest therein to be less than $2,000.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 890.]

In Equity. On motion to dismiss.

H. McClammy, for plaintiff.
Davis & Davis, for defendants.

PURNELL, District Judge. This is a petition for partition of certain lands valued at $6,000, in Bladen county, alleged to be held by petitioner and J. R. Johnson and others as tenants in common. It is also alleged that a proceeding of similar import was commenced in Bladen county in the superior court, and is still pending. A similar bill in equity was dismissed on motion at the late term of court at Wilmington. Defendant J. R. Johnson now enters a special appearance and moves to dismiss for want of jurisdiction; the amount involved according to the bill being six-thirtieths or one-fifth of $6,000 or $1,200, because of improper service; the subpoena being served on J. R. Johnson in Norfolk, Va., by a deputy marshal of the Eastern District of Virginia, and because the Christian names of some of defendants do not appear in this bill for subpoena.

It will be noted this is the return day, the first on which defendants could properly be heard, and they or J. R. Johnson enters a special appearance and moves to dismiss. There are no affidavits filed by complainant, and no other record than the bill as far as complainant has made the record. The proceeding is to some extent in rem, but does not involve the title to the whole property, the title to both parties being admitted, and it is further shown a copy of the record filed that there is in the superior court of Bladen county a proceeding having for its object a partition of these lands. And unless it affirmatively appears the court is without jurisdiction. Grace v. American Central Insurance Company, 109 U. S. 278, 3 Sup. Ct. 207, 27 L. Ed. 932;

Pepper v. Fordyce, 119 U. S. 469, 7 Sup. Ct. 287, 30 L. Ed. 435. This must appear in the record.

Admitting, for the sake of argument, that other jurisdictional allegations appear in the bill, which is earnestly controverted by defendant, is the amount in controversy sufficient to give this court jurisdiction—what is involved in the controversy? Not the title to the whole tract. Title is admitted or may be taken as admitted. The value of the whole tract would, if involved, undoubtedly give the court jurisdiction, at least in so far as the amount involved in the controversy goes. But the title to the whole tract is not involved. Even the title of complainant to its six-thirtieths is not involved or denied, except the right of complainant to hold its interest separate and apart from the other tenants in common.

It is therefore the duty of the court under the statute to dismiss the bill. The jurisdictional facts do not affirmatively appear.

It is therefore ordered that the bill herein be, and the same is, dismissed.