ALLEN-WEST COMMISSION CO. v. BRASHEAR et al.

(Circuit Court, E. D. Arkansas, E. D.   February 28, 1910.)

No. 1,677.

*(Syllabus by the Court.)*

1. COURTS (§ 317*) — FEDERAL COURTS — JURISDICTION — DIVERSITY OF CITIZENSHIP.

For the purpose of determining the jurisdiction of a national court when it is invoked upon the ground of a diversity of citizenship, it is the duty of the court to look beyond the pleadings and arrange the parties according to their real interests in the dispute, and not according to the arbitrary arrangement of the pleader, and if, after such rearrangement, it clearly appears that some of the plaintiffs and defendants are citizens of the same state, it is the duty of the court to dismiss the cause for want of jurisdiction.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 317.*

Diverse citizenship as a ground of federal jurisdiction, see note to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

2. COURTS (§ 310*)—FEDERAL COURTS—JURISDICTION—DIVERSITY OF CITIZENSHIP.

Trustees of a mortgage, who are invested with the power of sale upon breach of the conditions, are not merely formal parties, but are indispensable parties, the legal title being in them, and their interests being antagonistic to those of the mortgagors must be treated as plaintiffs in an action of foreclosure, even if for a refusal to act they are properly made defendants in an action by the beneficiary.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 310.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. COURTS (§ 310*)—FEDERAL COURTS—JURISDICTION—DIVERSITY OF CITIZENSHIP.

> While the beneficiaries in such a mortgage are proper parties, they are not indispensable parties, and, if the necessary diversity of citizenship exists between the trustees and mortgagors, a national court has jurisdiction of an action to foreclose the mortgage, although the beneficiary and the mortgagors are citizens of the same state, provided he is not made a party to the action.
>
> [Ed. Note.—For other cases, see Courts, Cent. Dig. § 857; Dec. Dig. § 310.*]

Bill by the Allen-West Commission Company against W. M. Brashear and others. On demurrer to the jurisdiction. Bill dismissed for want of jurisdiction.

This is a bill brought to foreclose a deed of trust in the nature of a 'mortgage executed to the defendants' F. H. Phillips and R. W. Irvin, as trustees, by two of the codefendants for the purpose of securing the payment of certain indebtedness due to a number of creditors of the mortgagors, one of whom is the commission company, which is the sole complainant in this action. The bill alleges that complainant is a corporation created by and existing under the laws of the state of Missouri, and that all of the defendants are citizens of the state of Arkansas. It charges that all the debts secured by the deed of trust, except that due the complainant, have been paid off, and that there is now due it a balance of several thousand dollars. The mortgagors and trustees under the mortgage and subsequent mortgagees, all of whom are alleged to be citizens of the State of Arkansas, are made parties defendants. The deed of trust, which is made a part of the bill, authorizes the trustees to sell the mortgaged premises upon default in the payment of the debts, and there is no allegation in the bill showing a refusal or disqualification to act on the part of the trustees. The defendants demurred to the jurisdiction of the court upon the ground that the interest of the trustees makes them indispensable parties plaintiffs, and that, although the pleader has made them parties defendants, it is the duty of the court to rearrange the parties and treat the trustees as complainants, and, if that is done, the diversity of citizenship necessary to give a national court jurisdiction does not exist, as the trustees and the mortgagors, as well as the junior mortgagees are all alleged in the bill to be citizens of the state of Arkansas.

Moore, Smith & Moore, for complainant.
Davis & Pace and U. L. Meade, for defendants.

TRIEBER, District Judge (after stating the facts as above). As the parties are arranged in the bill of complaint, the diversity of citizenship necessary to confer jurisdiction on this court exists; the complainant being a corporation created by and existing under the laws of the state of Missouri, and all the defendants citizens of the state of Arkansas. But it is now well settled by an unbroken line of decisions that, for the purpose of determining the jurisdiction of a national court when it is invoked upon the ground of diversity of citizenship, it is the duty of the court to look beyond the pleadings and arrange the parties according to their real interest in the dispute, and not according to the arbitrary arrangement of the pleader; and if, after such rearrangement, it clearly appears that some of the plaintiffs and defendants are citizens of the same state it is the duty of the court to dismiss the cause for want of jurisdiction. Removal Cases, 100 U. S. 457, 25 L. Ed. 593; Pacific R. R. Co. v. Ketchum, 101 U. S. 289, 25 L.

Ed. 932; Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827; Detroit
v. Dean, 106 U. S. 537, 1 Sup. Ct. 500, 27 L. Ed. 300; Doctor v. Har-
rington, 196 U. S. 579, 25 Sup. Ct. 357, 49 L. Ed. 606; Dawson v.
Columbia Trust Co., 197 U. S. 178, 25 Sup. Ct. 420, 49 L. Ed. 713;
Joseph Dry Goods Co. v. Hecht, 120 Fed. 760, 57 C. C. A. 64; Mann
v. Gaddie, 158 Fed. 42, 88 C. C. A. 1; Gage v. Riverside Trust Co.
(C. C.) 156 Fed. 1002.

In the Ketchum Case the court said:

"For the purpose of jurisdiction, the court had power to ascertain the real
matter in dispute, and arrange the parties on one side or the other of that
dispute. If in such arrangement it appeared that those on one side were all
citizens of different states from those on the other, jurisdiction might be en-
tertained, and the cause proceeded with."

Of course, the converse of that proposition, that, if upon such re-
arrangement there is no diversity of citizenship between all the plain-
tiffs and all the defendants, the jurisdiction fails, is manifestly the
law. Upon an examination of the bill and the trust deed sought to be
foreclosed, which is made a part thereof, it appears that, while the
complainant, the cestui que trust of the mortgage, is a corporation
created under the laws of the state of Missouri, both the trustees, all
the mortgagors, and the subsequent mortgagees are citizens of the
state of Arkansas.

The contention that the trustees are merely nominal parties and
could be dismissed entirely cannot be sustained, for it has been uni-
formly held by the national courts that trustees in a mortgage deed
are not only indispensable parties, but the only necessary parties plain-
tiffs in a foreclosure proceeding, and for this reason it is their citizen-
ship which controls, and not that of the beneficiaries, and the latter
need not be made parties at all, although the pleader may make them
parties as they are proper parties. Knapp v. Railroad Company, 20
Wall. 117, 22 L. Ed. 328; Gardner v. Brown, 21 Wall. 36, 22 L. Ed.
527; New Orleans v. Gaines, 138 U. S. 595, 606, 11 Sup. Ct. 428,
34 L. Ed. 1102; Dodge v. Tulleys, 144 U. S. 451, 12 Sup. Ct. 728,
36 L. Ed. 501; Mexican, etc., R. R. Co. v. Eckman, 187 U. S. 429,
23 Sup. Ct. 211, 47 L. Ed. 245; Morris v. Lindauer, 54 Fed. 23, 4
C. C. A. 162; Rust v. Brittle Silver Co., 58 Fed. 611, 7 C. C. A. 389;
Griswold v. Batcheller (C. C.) 75 Fed. 470.

Nor is this rule confined to trust deeds in which there are a large
number of bonds sought to be secured which are held by numerous
parties, many of them unknown. In Dodge v. Tulleys the indebted-
ness sought to be secured was held by one person only, and it was
held that the beneficiary was not a necessary party, and for this rea-
son the fact that he was a citizen of the same state as the mortgagor
did not defeat the jurisdiction of a national court if there was a di-
versity of citizenship between the trustee of the mortgage and the
mortgagor.

In Rust v. Brittle Silver Co. it was also urged, as has been in this
case, that the trustee is only a nominal party, and for that reason his
citizenship immaterial, but Judge Caldwell, speaking for the court in
response to this contention, said:

"This position is not tenable. The deed of trust invests Frost (the trustee) with the legal title to the premises, and imposes on him the duty of selling the property, and applying the proceeds to the payment of certain debts of the grantor. * * * To a bill seeking such relief the trustee is not merely a nominal, but an indispensable, party."

What are the interests of a trustee in such a conveyance? Clearly antagonistic to those of the mortgagors who were the grantors and he the grantee. He holds the legal title for the benefit of the beneficiary, and the pleader cannot by making him a codefendant of the mortgagors, instead of a co-complainant, invoke the jurisdiction of a national court if he is a citizen of the same state as the mortgagors. That cannot be done arbitrarily, nor even by reason of a refusal on the part of the trustees to act. It is true in the latter event the trustees may be made parties defendants, but for jurisdictional purposes they will be treated as complainants. Coal Company v. Blatchford, 11 Wall. 172, 20 L. Ed. 179; Pacific Railroad Co. v. Ketchum, supra; Thayer v. Life Association, 112 U. S. 717, 5 Sup. Ct. 355, 28 L. Ed. 864; Peper v. Fordyce, 119 U. S. 469, 7 Sup. Ct. 287, 30 L. Ed. 435; Barth v. Coler, 60 Fed. 466, 9 C. C. A. 81; Shipp v. Williams, 62 Fed. 4, 10 C. C. A. 247; First National Bank v. Radford Trust Co., 80 Fed. 569, 26 C. C. A. 1; Turner v. Building & Loan Ass'n, 101 Fed. 308, 41 C. C. A. 379; Board of Trustees v. Blair (C. C.) 70 Fed. 414.

In Shipp v. Williams the trustees were, as in this case, made parties defendants; the beneficiary being the sole complainant, the bill alleging that "the trustees had refused and declined to further exercise their duties as trustees in the said deed of trust and announced their determination to decline the use of their names and services in the matter of foreclosing said deeds of trust," while in the case at bar no reason whatever is alleged why the trustees cannot act in these foreclosure proceedings. Judge, now Mr. Justice Lurton, who delivered the opinion of the court in that case, held that, while it was proper under the circumstances to make the trustees parties defendants, the court for jurisdictional purposes must arrange them according to their interests, and when so arranged, the trustees being citizens of the same state as the mortgagors, the court was without jurisdiction. It was further held in that case that:

"The duty of the court to arrange the parties according to their interests applies as well in cases of original jurisdiction as it does under the removal section of the act."

Whether these principles would apply in a case in which the trustees claim some interest adverse to the beneficiary or when the beneficiary seeks an accounting from the trustees for their misconduct it is unnecessary to determine in this cause, as no such allegations are made in the bill.

Arranging the parties in accordance with these rules, we must treat the defendants Phillips and Irvin, the trustees in the trust deed sought to be foreclosed, as coplaintiffs of the commission company, the beneficiary, and, as the bill alleges that these trustees and the other defendants are all citizens of the state of Arkansas, this court is without jurisdiction, and the bill must therefore be dismissed for want of juris-